

September 1, 2022

*Re: Ran Aimee Song v. Lei Jiang and Zhi Wu, No. 3:22-cv-00002-JD*

Dear Judge Donato:

Plaintiff responds to Defendants' discovery letter brief dated August 10, 2022 as follows:

   **A. Defendants' Sham Meet And Confer Meeting**

Defendants manufactured this discovery dispute where there is none—to simply intimidate Plaintiff and her counsel and to use this discovery letter motion as a written deposition on Plaintiff about her legal theories. Thus, Defendants' August 10, 2022 letter motion should be denied.

To ensure that the discovery meet and confer was effective, Plaintiff's counsel drove *more than 30 minutes* to meet Defendants' counsels [1] in person at their office. Immediately after Plaintiff's counsel arrived, Defendants' female counsel demanded that she video- or audio-tape Plaintiff's counsel. Plaintiff's counsel has never met a legitimate counsel who insists on video- or audio-taping her counterpart.

During the meeting, this female counsel could be heard yelling at Plaintiff's counsel, ridiculing him ("I bet you have never done a meet and confer."), and threatening him that she was "so looking forward to [getting Plaintiff's counsel in trouble]." The female counsel became so rude that Plaintiff's counsel asked her to "calm down" and asked Defendants' male counsel why his supervisor was so "rioted up."

More substantively, when Plaintiff's counsel asked for further clarification or comments on Defendants' alleged discovery deficiencies, Defendant's male counsel—at the command of his supervisor—simply rushed through his list of alleged deficiencies and demanded that Plaintiff's counsel answer immediately either "yes" or "no" to each item. Defendants provided no more than five clarifications to their alleged deficiencies. Defendants then rushed through the rest of the meeting in less than ten minutes and left the conference room. When concluding, Defendants again threatened that Plaintiff's counsel would be in trouble.

Both during and at the end of the meeting, Plaintiff's counsel agreed that he would supplement or amend the responses but asked for two weeks to review the current responses.

---

[1] It was obvious that the supervising attorney was using this meet and confer meeting to train the junior attorney: the female supervisor went in and out of the meeting a number of times and thus missed a significant portion of the meeting.

Before Plaintiff's counsel could communicate with Defendants about his intention to amend or supplement, Defendants fired away this discovery motion.

### B. Defendants' Alleged Discovery Deficiencies

As a threshold matter, Defendants do not seriously complain that Plaintiff's discovery responses were inadequate. Because, as Defendants conceded in their letter brief, the parties are involved in numerous other state court litigations and have equal access to almost all the discovery files Plaintiff produced. The parties have sued each other more than five times now that they know what exactly each other is up to. Thus, to manufacture a dispute, Defendants had to insist on formality matters.

First, during the meeting, Plaintiff agreed that bates numbers would be added, but could not immediately agree to categorize files in the particular way insisted by Defendants. The reason was simple: the files were download one by one from state court websites and produced accordingly "as they are kept in the usual course of business." FRCP 34.

Second, Plaintiff also agreed she would agree to remove the confidentiality objection in view of the recently-signed protective order.

Third, in instances where no relevant documents were located after Plaintiff diligently searched, Plaintiff stated that as discovery is still ongoing, she may supplement her response. Looking for a bone in an egg, Defendants argue that this was deficient, because Plaintiff must immediately provide a firm deadline to produce the documents that she does not currently know about.

Fourth, this is a *small* case between a realtor and her two house-seller clients. The sole issue is whether the sellers used the Photographs the realtor took to promote their own sales of the house, after the sellers reneged on an earlier deal introduced by the realtor. The facts do not justify an onerous, lengthy, expensive privilege log. Defendants already asked for a privilege log during the Case Management Conference (*see* Joint CMC statement, ECF 25), but the Court did not approve their request.

### C. Plaintiff Produced Sufficient Documents Concerning Contention That Defendants Copied The Photographs

Defendants claim that Plaintiff's response to Interrogatory Nos. 2-4 request were deficient, because they did not specify *how*[2] Defendants copied and distributed the Photographs.

---

[2] Contrary to Defendants' contention, ***Plaintiff's complaint and the discovery responses specifically identify the several websites*** under Defendants' control ***and the time periods*** where Plaintiff's Photographs appeared. The Court may recall that Defendants filed a sham motion for judgment on the pleadings (ECF 23), arguing that given the ***specific*** websites and time periods identified in the Complaint, a judgment in their favor should entered immediately, the Court denied that motion by way of docket text. (ECF 30.)

The issue is, however, Plaintiff is herself conducting third party discovery and is presently without knowledge of *how* Defendants precisely copied and distributed the Works. This "how" issue is the crux of the entire case; discovery is being done to ascertain how Defendants copied Plaintiff's Photographs.

Regarding Plaintiff's RFP Nos. 13-15, Plaintiff has already produced responsive documents (including the webpage screenshots showing Plaintiff's photographs). Here, Defendants simply misuses this discovery letter motion as a written deposition, asking Plaintiff about her theory of the case. Neither FRCP, Civil Local Rule, or this Court's Civil Discovery Standing Order allows Defendants to use a discovery letter motion as a written deposition on Plaintiff about her theory of the case in view of the documents produced.

### D.   Agreements and Communications Relating to the Copyrighted Photographs

Defendants improper use of this discovery letter motion as a written deposition is the most obvious in their alleged objections to Plaintiff's response to their RFP Nos. 10, 26, and 27.

Here, Plaintiff produced all relevant documents; Defendants do not understand Plaintiff's theory of the case *based on these documents alone*. Thus, Defendants cleverly claim that more documents must exist or Plaintiff must explain her theory of the case in this letter motion to rebut this (baseless) claim that more documents must exist. Plaintiff respectfully declines Defendants' ill-advised attempt use this discovery letter motion as a written deposition.

### E.   Plaintiff's Agreements and Communications with Websites on which she Authorized Use of the Photographs

Here, regarding RFP Nos. 23-25, Defendants attempt the same trick—using a discovery letter motion as a written deposition. Defendants baselessly insist that either (1) more documents must exist or (2) Plaintiff give up her entire theory of the case right here, right now to counter their claim that more documents must exist.  As explained above, what Defendants must resort to the proper discovery tool to accomplish what they need.

### F.   Plaintiff's Agreements And Communications With Websites On Which She Authorized Use Of The Photographs

The same issue exists with Defendants' RFP Nos. 18 (profits) and 19 (economic damages). Plaintiff has produced all relevant documents. If Defendants need an oral explanation of Plaintiff's theory of damages, they are free to use such proper discovery tool as interrogatories and oral deposition. FRCP prohibits using a discovery letter motion as a written deposition on Plaintiff about her theory of the case based on the documents produced.

### G. Defendants Request For Costs Is Baseless

Given Defendants' counsels uncalled for rude behaviors at the in-person meet and confer meeting, and their present improper use of this discovery letter motion as a written deposition on Plaintiff, the Court should deny all relief sought by Defendants.

_____Zheng "Andy" Liu_____
Zheng "Andy" Liu SBN 279327
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff Ran Song*
