Steven C. Vondran, [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
One Sansone Street, Suite 3500
San Francisco, California 94104
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail: steve@vondranlegal.com

*Attorneys for LEI JIANG AND ZHI WU*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAN AIMEE SONG, an individual.<br><br>Plaintiff<br><br>V<br><br>LEI JIANG, an individual; and ZHI WU, an individual<br><br>Defendant | Case number 3:22-cv-00002-JD<br><br>*Assigned to the honorable judge:*<br>*Hon. James Donato*<br><br>**DECLARATION OF LEI JIANG IN SUPPORT OF DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: January 26, 2023<br>Time: 10 a. m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

### DECLARATION

I, Lei Jiang, declare as follows:

1. I am over the age of 18 years.

2. I submit this Declaration in support of Defendants Lei Jiang and Zhi Wu's Reply in Further Support of Motion for Summary Judgment. I have personal knowledge of the matters set forth in this declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

3. Defendants never saved the Works to Defendants' Zillow account.

1

4. Plaintiff tried to be a dual agent when working as listing agent to sell Defendants' 2868 Finca Property. Plaintiff committed several misconducts and fraud to make sure Defendants sell the house to her buyer.

5. Due to Plaintiff refused to disclose all offers of the house to Defendants as the listing agent and created false urgency to deceive Defendants to sign a counteroffer without presenting the purchase agreement, Defendants told Plaintiff would not sell the house with her over the phone on June 24, 2021 and sent an email to Plaintiff about no longer list the house with Plaintiff on June 25, 2021 (Ex. 23.)

6. Attached as **Exhibit 23** is a true and correct copy of Defendants' email to Plaintiff about no longer list the house with Plaintiff sent on June 25, 2021, as well Defendants' email to escrow company regarding there was no binding contract.

7. Plaintiff agreed to sell the photos in dispute to Defendants on June 22, 2021, in the event of the house would sell through Plaintiff. It means in the event Defendants cancel listing agreement or for any reason that Defendants would not sell the house through Plaintiff, Plaintiff would sell the photos to Defendants. Plaintiff also sent an email on June 22, 2021, stating the price of the photos in dispute to be $800. Plaintiff and her co-worker also agree to provide valid receipt for each item of listing cost before Defendants could pay. Plaintiff's agreement to sell the photos to Defendants can also be proved by Listing agreement addendum between Plaintiff and Defendants (ECF 63-2) which stated that "If the listing agreement gets cancelled…then you agree to reimburse Coldwell Banker. for the costs of preparation. These costs include: … Virtual tour - $200."

8. Attached as **Exhibit 24** is a true and correct copy of June 22, 2021, email Plaintiff sent to Defendants and her co-worker Chen regarding the listing cost Defendants need to pay Plaintiff and her co-worker Chen in the event of the house would not sell through Plaintiff. Also included in Exhibit 24 are valid receipts Plaintiff provided

2
DECLARATION

to Defendants before Defendants could pay for items, and payment records of Defendants paying Plaintiff and her co-worker for items in the listing cost email and were provided valid receipts. Ex. 24, page 2 is a true and correct copy of June 22, 2021, email Plaintiff sent to Defendants and her co-worker about the listing costs. Ex. pages 5-7 is a true and correct copy of valid receipts for items 6, 8 that Plaintiff and her co-worker provided to Defendants. Ex. 24, page 3 is a true and correct copy of text message between Plaintiff and Defendants that Plaintiff instructed Jiang to make paycheck to her husband Jeffery Wang for the dollar amount of $4,666 for item "9. Rent Bruce $3500 per month per day per diem" in the June 22, 2021, email. Ex. 24, pages 4, 8-9 is a true and correct copy of payment records from Defendants to Plaintiff and her co-worker for items 5, 6, 8, 9 of the listing costs. Defendants redacted the bank account number on the checks used to pay on pages 4, 8-9.

9. On or around June 28, 2021 to July 2, 2021, Defendants had paid items 5, 6, 8, 9 listed in the June 22, 2021 email regarding listing cost in full for a total amount of over $8,750 upon receiving valid receipt or with valid rental agreement from Plaintiff (Ex. 24) and were waiting for Plaintiff to send the receipts for rest of the items including the receipt for the photos in dispute, so that Defendants could pay.

10. Defendants never refused to pay $800 for the photos in dispute. Defendants never received any notice from Plaintiff to revoke the license of the photos in dispute that Plaintiff agreed to provide to Defendants.

11. While Defendants were still waiting for Plaintiff to send the valid receipt so Defendants could pay $800 for the photos, on August 2, 2021, Defendants were served with a purchase agreement dispute complaint.

12. Defendants never signed the Cancellation of Listing Plaintiff's firm sent (ECF 65-1, p. 64-65) because after consulted with attorneys, attorneys advised Defendants do not need to sign the unfair and unreasonable Cancellation of Listing agreement. In

addition, the listing agreement signed on May 17, 2021, stated it would expire on Nov 30, 2021 (ECF 65-1, p. 16). Defendants' attorney advised there was no need to cancel the listing agreement since it would expire on Nov 30, 2021.

13. Attached as **Exhibit 25** is a true and correct copy of Notice of Errata In Re Cross-Complaint of Zhi Wu, Lei Jiang filed on December 30, 2022 for case HG21106221 in California Superior Court, County of Alameda.

14. The exhibit in Supplement Request for Judicial Notice filed by Plaintiff (ECF 65-3, Ex. A) was not a true and correct copy of the cross complaint Zhi Wu and Lei Jiang filed for case HG21106221 in California Superior Court, County of Alameda, because Plaintiff omitted the "Notice of Errata In Re Cross-Complaint of Zhi Wu, Lei Jiang".

15. Page 4-14, Exhibit E in **Exhibit 25** Notice of Errata In Re Cross-Complaint of Zhi Wu, Lei Jiang for case HG21106221 in California Superior Court, County of Alameda, demonstrated that Defendants' initials and signatures were no where to be found in the purchase agreement. Defendants never saw this purchase agreement before they were tricked by Plaintiff to sign the seller counteroffer.

16. Attached as **Exhibit 26** is a true and correct copy of DocuSign Subpoena response in the purchase agreement dispute case regarding the user activity history of the purchase agreement in that case.

17. Defendants never signed the purchase agreement in the purchase agreement dispute case as proven by DocuSign Subpoena response (Ex. 26.) Defendants signed a counteroffer only because defendants were deceived by Plaintiff's misrepresentations and false urgency.

18. Plaintiff harassed Defendants for a long time to try to force Defendants to sign the purchase agreement after Defendants refused to sign the purchase agreement. Plaintiff even threatened the safety of Defendants' family in order to try to force Defendants to sign the purchase agreement. Defendants had to file a restraining order

4
DECLARATION

against Plaintiff to prevent Plaintiff to get close to Defendants and their family. A permanent restraining order was granted by court to order Plaintiff stay away from Defendants and their family and work (Jiang Decl. in support of summary judgment, Ex. 7.)

19. Attached as **Exhibit 27** is a true and correct copy of Plaintiff's text message to Jiang on June 24, 2022, telling Jiang if Defendants did not sign purchase agreement, there was no ratified contract.

20. Attached as **Exhibit 28** is a true and correct copy of Plaintiff's text message with the potential buyer produced by the potential buyer during discovery of the purchase agreement dispute case.

21. Defendants were sued by a third party in the purchase agreement dispute because of Plaintiff's break of fiduciary duty as a realtor. Plaintiff clearly knew there was no contract formed when she sent text message to Jiang stating if Defendants did not sign purchase agreement, there was no ratified contract (Ex. 27, Plaintiff's text message to Jiang). However, Plaintiff purposely withhold the fact that there was no contract formed from the potential buyer of the house. Plaintiff even encouraged the potential buyer to sue Defendants for breach of contract knowing there was no contract (Ex. 28, Plaintiff's text message with the potential buyer.) Plaintiff's misconducts along with harassing and threatening defendants and their family were purposed to give Defendants pressure to sign the purchase agreement.

22. What is more, on or around July 18, 2021, Plaintiff worked with the potential buyer to purposely bypass Defendants' attorney Samuel Tong to contact Defendants to stress Defendants even more to try to force defendants to sign the purchase agreement (Ex. 28, p. 12, (Plaintiff's text message with the potential buyer).)

23. Defendants' attorney in the purchase agreement case advised that to meet the requirement for attorney fee's provision in listing agreement, we need to send the

mediation demand letter before we file any lawsuit. Therefore, a mediation demand was sent to Plaintiff and her broker company on Oct 6, 2021. After Plaintiff declined the mediation demand, Defendants filed the cross complain in the purchase agreement case.

24. Attached as **Exhibit 29** is a true and correct copy of demand to preserve evidence Defendants sent to Plaintiff on Oct 6, 2021.

25. Defendants also sent demand to preserve evidence on Oct 6, 2021, along with the mediation demand (Ex. 29.) DosuSign subpoena response in the purchase agreement case demonstrated Plaintiff purposely destroyed electronic evidence by voiding the purchase agreement in dispute on Oct 23, 2021, after Plaintiff received demand to preserve evidence on Oct 6, 2021 (Ex. 26, p. 8.)

26. Jiang called Yu on or about August 30, 2022, to confirm if he signed any copyright assignment agreement with Plaintiff in June 2021. Yu answered he did not.

27. Defendants never told Yu that he might be in trouble for signing the declaration he signed on or about August 30, 2022.

28. Attached as **Exhibit 37** is a true and correct copy of subpoena and request for production of documents served to Yu on November 15, 2022.

29. Attached as **Exhibit 30** is a true and correct copy of Defendants' attorney Mario Choi's emails to Yu.

30. In Yu's declaration in support of Plaintiff's opposition (ECF 65-2, p. 7, (Yu Decl., No. 36-37).), Yu stated that he agreed to attend the December 8, 2022, deposition and Defendant Jiang first rescheduled the deposition to December 15, 2022, and then canceled the deposition. These statements were not true.

31. Based on Yu's emails to Defendants' attorney Mario Choi, Yu never agreed to attend December 8, 2022, deposition. Yu emailed Mario Choi on Nov 15, 2022, with title "Unable to testify on 12/08/2022 for Civil Action No3:22-cv-00002-JD" to state that he could not attend the December 8, 2022, deposition because he was traveling (Ex.

30, p. 6-7). In the email, Yu said he would be back in town after December 8, 2022, and would be able to take deposition the following week and agreed to take deposition on Dec 15, 2022. Therefore, it was Yu instead of Defendants requested to reschedule the deposition to be on December 15, 2022.

32. Defendants never intended to cancel photographer Yu's deposition. It was Yu became unresponsive after he agreed to produce documents requested by December 12, 2022.

33. A couple of days after Yu agreed to appear on December 15, 2022, for deposition, Defendants was informed by attorney Mario Choi that a court hearing was suddenly scheduled on December 15, 2022 10 AM which was the time Yu previously agreed for deposition. Defendants tried their best to reschedule with Yu but Yu did not response the email for reschedule due to the conflict of time (Ex. 30, p. 5.) Only after 6 days of wait to try to reschedule with Yu but got no response, Defendants' attorney emailed Yu to request him at least produce the documents instead. On Dec 6, 2022, Yu agreed to produce documents before December 12, 2022. (Ex. 30, p. 4.)

34. On December 8, 2022, once Defendants was notified that the hearing scheduled on December 15, 2022, was off calendar, Defendants immediately emailed Defendants' attorney Mario Choi to request him to check if we can take Yu's deposition as Yu agreed on Dec 15, 2022. Defendants' attorney did not respond. On Dec 9, 2022, Defendants emailed Defendants' attorney Mario Choi again to request him to check if Yu was still available to have deposition on Dec 15, 2022. Defendants did not hear back from Defendants' attorney Mario Choi to confirm he would check Yu's availability. Considering the time sensitive situation, Jiang emailed Yu on Dec 9, 2022, to inform Yu the Dec 15, 2022 hearing was off calendar and to check if he was still available to take deposition at that planned time. Jiang also offered alternative to sign a declaration if Yu prefers a declaration over a deposition. But again, Yu did not response.

35. Attached as **Exhibit 31** is a true and correct copy of attachment of draft declaration Mario emailed Yu on December 12, 2022.

36. Defendants never threaten photographer Yu to sign any false declaration. On Dec 12, 2022, Defendants' attorney Mario Choi emailed a draft declaration to Yu and in the email specifically advised Yu "please edit to make sure this declaration is true and correct." (Ex. 30, p. 3; Ex. 31, (attachment of draft declaration Mario emailed Yu).)

37. Attached as **Exhibit 32** is a true and correct copy of Defendants' attorney Steve emails to Yu regarding deposition.

38. Attached as **Exhibit 33** is a true and correct copy of Copyright office Circular 30 Works Made for Hire (https://www.copyright.gov/circs/circ30.pdf .) that copyright office sent to Plaintiff 's attorney during the application process to require Plaintiff's attorney to confirm if work made for hire standard was met.

39. Attached as **Exhibit 34** is a true and correct copy of article titled "What is an employee? The answer depends on the Federal law" published on U.S. Bureau of Labor Statistics website (https://www.bls.gov/opub/mlr/2002/01/art1full.pdf ), discussing the Common-law test of employee, with a Table of Factors used to determine a worker's status under the common-law test on page 8.

40. Attached as **Exhibit 35** is a true and correct copy of print out of ShinePainter Studio website https://www.shinepainterstudio.com/index

41. Attached as **Exhibit 36** is a true and correct copy of print out of Yuvisions Instagram page https://www.instagram.com/yuvisions/?hl=en

42. Defendants never removed or altered any copyright management information (CMI) including Plaintiff's name from its original location of Works.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 11th day of January 2023, at Danville, California.

DATED: January 11, 2023

By: /s/ Lei Jiang
Lei Jiang, Declarant