# EXHIBIT 37

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Ran Aimee Song | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-00002-JD |
| Lei Jiang and Zhi Wu | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Runxiang Yu
1289 Gehrig Ave., San Jose, CA 95132

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Donahue Fitzgerald LLP<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612 | Date and Time:<br>12/08/2022 9:30 am |
|---|---|

The deposition will be recorded by this method: Stenographer and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/10/2022

CLERK OF COURT

OR

_____     /s/ Mario M. Choi
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Lei Jiang and Zhi Wu , who issues or requests this subpoena, are:

Mario M. Choi, Donahue Fitzgerald LLP, 1999 Harrison Street, 26th Fl., Oakland, CA 94612, (510) 451-3300, mchoi@donahue.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00002-JD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* LEI JIANG, DEFENDANT
on *(date)* 11/10/2022 .

☒ I served the subpoena by delivering a copy to the named individual as follows: RUNXIANG YU
1289 GEHRING AVE, SAN JOSE, CA 95132

on *(date)* 11/15/2022 8:12 AM ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 0.00 .

My fees are $ 0.00  for travel and $ 250.00  for services, for a total of $ 250.00 .

I declare under penalty of perjury that this information is true.

Date: 11/15/2022

*Server's signature*

ROBERTO A. RIVERA , Registered Process Server #1521, Santa Clara County

*Printed name and title*

2118 Walsh Ave Suite 100, Santa Clara CA 95050 (408)845-0068

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

As used herein, words or phrases are defined as follows:

1. "PERSON" means a natural person, corporation, association, partnership, business entity, trust, business, organization, or government agency. Reference to any PERSON includes that PERSON's members, officers, directors, employees, agents, representatives, and PERSON acting on that PERSON's behalf, including attorneys, as well as any predecessor or successor entity or subsidiary.

2. "YOU" or "YOUR" means Runxiang Yu, an individual, and any and all PERSONS acting directly or indirectly by, through, under, or on YOUR behalf, including but not limited to ShinePainter Studio and Yu Vision.

3. "SONG" means Plaintiff Ran Aimee Song in *Song v. Jiang and Wu*, Case No. 3:22-cv-00002-JD in the United States District Court, Northern District of California, San Francisco Division.

4. The term "DOCUMENT" means any writing described in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers ("ESI"); any ESI is to be produced in native format. ESI also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or to interpret such data compilations.

5. "REFER OR RELATE TO," "REGARDING," "RELATING TO," "RELATED TO," or "RELATING TO," or any forms of these words shall mean directly or indirectly mentioning or describing, detailing, referring to, pertaining to, consisting of, comprising, respecting, concerning, being connected with, bearing upon, supporting, or reflecting upon a stated subject matter in any manner.

6.    "COMPLAINT" means the pleading SONG filed on January 2, 2022, to commence *Song v. Jiang and Wu*, Case No. 3:22-cv-00002-JD.

7.    "COMMUNICATION" means any transmission of information in any context or situation by or between two or more PERSONS by any means or medium whatsoever, whether in the form of an original, a draft, a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations, correspondence, electronic mails, notes, or memoranda relating to written or oral communications, and any translation thereof.

8.    "WORKS" means the 21 professional-grade photos SONG allegedly authored as shown in Exhibit A to the COMPLAINT.

9.    "All" includes "any," and "any" includes "all."

10.    "All" includes "each," and "each" includes "all."

11.    "And," "or," or "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside their scope.

## GENERAL INSTRUCTIONS

1.    DOCUMENTS shall be produced as YOU ordinarily keep them organized and labeled according to the numerical designations of the requests below.

2.    As used herein, and whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural; words importing the feminine include the masculine.

3.    As to any DOCUMENT required to be produced pursuant to these requests that consists of ESI as maintained by or as accessible to YOU, YOU are required to produce the same in native format. Where available, any DOCUMENT should be produced in "computer readable format." In other words, if any DOCUMENT is maintained as an Outlook file or as a Microsoft Word document, it should be produced in its native, computer readable format on a disk, thumb drive, or other form of digital storage.

4. In producing DOCUMENTS and other materials, YOU are requested to furnish all DOCUMENTS in YOUR possession, custody, or control, regardless of whether such DOCUMENTS or materials are possessed directly by YOU or by YOUR attorneys or their agents, employers, employees, representatives, investigators, or any affiliated entities such as subsidiaries or parent entities.

5. To the extent any DOCUMENT differs from other copies or originals of the same by reason of notations, comments, signatures, markings, or other differences, said DOCUMENT is deemed a separate DOCUMENT from the corresponding copy or original and must be produced in connection with these requests. All drafts of any DOCUMENT should be produced along with the DOCUMENT itself.

6. As to any DOCUMENT otherwise required to be produced pursuant to these requests but withheld on the basis of a claim of privilege for any other reason, please state with respect to each such DOCUMENT: (1) title; (2) creation date, number of pages, and subject matter of the DOCUMENT; (3) the names, addresses, and job titles of all authors of the DOCUMENT; (4) the names, addresses, and job titles of all parties to the DOCUMENT (including the parties that have been copied or blind copied on the DOCUMENT); (5) the current custodian and present location of the DOCUMENT; (6) a brief description of the nature and contents of the matter claimed to be privileged; and (7) a statement of the basis for the claim of privilege or other ground for non-production sufficient to permit the adjudication of the propriety of such a claim.

7. Identify and produce any portion of any DOCUMENT that YOU do not contend is privileged even if an objection to prosecution is made to some other portion.

8. If YOU know of the existence, past or present, of any DOCUMENT described in a request below but are unable to produce such DOCUMENT because it is not presently in YOUR possession, custody, or control or that of YOUR attorneys, please so state in YOUR response to the request, identify such DOCUMENT in YOUR response, and state the name, address and business telephone number of the PERSON in whose possession, custody, or control such DOCUMENT was last known to reside. If any such DOCUMENT no longer exists, state when,

how, and why such DOCUMENT ceased to exist.

9. DOCUMENTS shall be produced at least three (3) days before the date of the scheduled deposition.

<b>REQUESTS FOR PRODUCTION</b>

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO the WORKS.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and SONG RELATING TO the WORKS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO any agreements entered into between YOU and SONG RELATING TO the WORKS.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and any PERSON RELATING TO the WORKS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO any payments made to YOU RELATING TO the WORKS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR role as "co-worker of Plaintiff Ran Aimee Song since 2020" as stated in paragraph 1 of the Declaration of Runxiang Yu, executed August 30, 2022.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO the assignment of the WORKS to SONG.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS RELATING TO the assignment of the WORKS to SONG.