Pages 1 - 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

RAN AIMEE SONG,               )
                              )
          Plaintiff,          )
                              )
  VS.                         )      NO. C 22-00002 JD
                              )
LEI JIANG and ZHI WU,         )
                              )
          Defendants.         )
_____)

San Francisco, California
Thursday, January 26, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
               APTUM LAW
               1660 South Amphlett Boulevard -
               Suite 315
               San Mateo, California  94402
       **BY:  ZHENG LIU, ATTORNEY AT LAW**

For Defendant:
               THE LAW OFFICES OF STEVEN C. VONDRAN, PC
               One Sansome Street - Suite 3500
               San Francisco, California  94104
       **BY:  STEVEN C. VONDRAN, ATTORNEY AT LAW**

REPORTED BY:  Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
            United States District Court - Official Reporter

| | |
|---|---|
| 1 | **Thursday - January 26, 2023**                                    **11:17 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | **---oOo---** |
| 4 | **THE CLERK:**  Calling civil 22-2, Song versus Jiang. |
| 5 | Counsel, please state your appearance for the record. |
| 6 | **MR. LIU:**  Yes, good morning, clerk, Zheng Liu for the |
| 7 | Plaintiff. |
| 8 | **THE CLERK:**  I'm sorry.  What's your last name? |
| 9 | **MR. LIU:**  L-I-U for the Plaintiff. |
| 10 | **THE CLERK:**  Thank you. |
| 11 | **MR. VONDRAN:**  Steve Vondran appearing on behalf of Lei |
| 12 | Jiang and Zhi Wu. |
| 13 | **THE COURT:**  And what? |
| 14 | **MR. VONDRAN:**  Appearing on behalf of Lei Jiang. |
| 15 | **THE COURT:**  Okay. |
| 16 | **MR. VONDRAN:**  And Zhi Wu. |
| 17 | **THE COURT:**  Who is at the table with you? |
| 18 | **MR. VONDRAN:**  I'm sorry? |
| 19 | **THE COURT:**  Who is at the table with you? |
| 20 | **MR. VONDRAN:**  These are my clients Lei Jiang and Zhi |
| 21 | Wu. |
| 22 | **THE COURT:**  Mr. Liu, who is with you? |
| 23 | **MR. LIU:**  Good morning, Your Honor, this is Plaintiff |
| 24 | Aimee Song. |
| 25 | **THE COURT:**  I don't really understand -- first of all, |

1     I'm terminating all of these summary judgment motions.  I will

2     get to the details in a moment, but they were, on both sides --

3     on both sides -- Plaintiff and Defendant, unprofessional,

4     uncivil.  Not at all consistent with the standards that we

5     expect of counsel and parties in this district.

6         I will give you the specific examples in a moment, but

7     here is what I'm concerned about.  There are hints in the

8     papers that there is some long-running story between your

9     clients, Mr. Vondran and your clients, Mr. Liu.  There is

10    restraining orders, criminal complaints, all sorts of things.

11        What is going on?  I want to know exactly all the

12    litigation that's happening between these two parties.  Tell

13    me.  We can start with you, Mr. Liu.

14        **MR. LIU:**  Sure.  Good morning, Your Honor.

15        So I think as the Court correctly noted, there is a

16    long-running dispute between the parties.  You know, long story

17    short, basically the Defendant hired the Plaintiff/realtor to

18    buy and sell houses and there was two sour transactions.

19        After that, the buyers sued Defendants in a separate

20    Alameda County case for basically a non-performing the sales

21    contract.

22        And then after that, the Defendant believed that the

23    Plaintiff somehow sort of set them up because they believe that

24    Plaintiff was working with a buyer to -- even though the

25    Plaintiff was their agent.

1        Based on that mistaken belief, Defendant applied for a

2    restraining order against the Plaintiff in the Alameda County

3    State court.  And, as the Court knows, you know, the state

4    court sometimes can be chaotic.  And then the Defendant hired

5    an attorney --

6            **THE COURT:**  State court can be what?

7            **MR. LIU:**  Pardon?

8            **THE COURT:**  What did you say about the State court?

9            **MR. LIU:**  Sometimes restraining order proceedings can

10    be chaotic.  It can be --

11            **THE COURT:**  I don't agree with that at all.  I don't

12    know that and I reject that characterization.  Okay.

13            **MR. LIU:**  Thank you, Your Honor.  I apologize.

14            **THE COURT:**  Let me cut to the chase.  Why are you

15    here?  I'm not going to have the United States District Court

16    be used as a some kind of a pawn in this back-and-forth ping

17    pong vendetta that your two clients have against each other.

18    It's not going to happen.

19            **MR. LIU:**  Not at all.

20            **THE COURT:**  I want to know what's happening in Alameda

21    and why this case should not be stayed until you sort your

22    business out in another court?

23        Because right now the quality of your work is poor on both

24    sides.  The issues are poorly framed.  You are asking to use

25    United States judicial resources for what appears to be a

1   grudge match between two people who can't get along.  I'm not

2   going to be part of it.

3       Now, what is happening in Alameda and why should I not

4   stay this case until you get your laundry washed where it

5   belongs and not in the United States District Court?

6          **MR. LIU:**  Thank you, Your Honor.  Your Honor asked and

7   we agree; that the litigation should be stayed.

8          **THE COURT:**  You filed this case.  How can you agree

9   with that?

10         **MR. LIU:**  Because --

11         **THE COURT:**  You started this.  The only reason we are

12  here, Mr. Liu, is because you filed a complaint.  Now you are

13  telling me you want to put this thing on ice?

14         **MR. LIU:**  Because --

15         **THE COURT:**  After all of this stuff that's gone on?

16         **MR. LIU:**  We filed it because it was a compulsory

17  counterclaim.  We had to file it.  Otherwise, we would lose the

18  right to file it.  We had to file the case to preserve the

19  claim.

20      Then right after we filed it, basically we invited

21  Defendants multiple times to mediation.

22         **THE COURT:**  Compulsory counterclaim?  You represent

23  the Songs; right?

24         **MR. LIU:**  Yeah.

25         **THE COURT:**  You filed a complaint.  There is no

1    counterclaim.  You are the Plaintiff.  You are not a

2    counter-Plaintiff.

3         **MR. LIU:**  Yes.  There was a State court proceeding,

4    and then Defendant filed essentially a cross-claim.

5         **THE COURT:**  I don't think you understand a

6    compulsory -- that's a federal procedural rule.  It has nothing

7    to do with one piece of litigation being in State court and

8    another in federal court.

9         You are not a counter-Plaintiff, and you are not here on a

10   compulsory counter-Plaintiff basis.  You are the original

11   Plaintiff.  I don't know what you are talking about.

12        **MR. LIU:**  Your Honor, the background --

13        **THE COURT:**  If you have a counterclaim, you should

14   have filed it in Alameda or wherever you are.

15        **MR. LIU:**  Yes, but Alameda State Court does not

16   process federal copying infringement claims.  It is

17   exclusively --

18        **THE COURT:**  It is not a counterclaim.  So -- you want

19   to stay the case?  Is that what you are saying?

20        **MR. LIU:**  We are okay with that, yeah.

21        **THE COURT:**  All right.  You have a problem with that

22   Defendant?

23        **MR. VONDRAN:**  Not fundamentally.  I mean, I think we

24   would be fine with staying that until the outcome of that case,

25   yes.

**THE COURT:**  Now, let me tell you something, I am going
to stay this case.  Here are the problems I have:  I can't even
get through this list, it's so long.

And this is for both sides.  This is for Mr. Vondran and
for Mr. Liu.

To start, as I already said, this is apparently, you know,
one more poison pill in a full -- a whole bottle of them
between these two clients, which is an abuse of federal
judicial resources, which are strapped beyond belief.

Turning to the motions directly, you know, there is -- the
summary judgment motions, I mean, there is just a tremendous
amount of commentary that is not at all germane to summary
judgment.

Accusations of -- you know, about settlements and we are
not going to settle this case.  There is a statutory damages
demand.  There are high settlement demands.  History of
harassing defendants; Rule 11 sanctions; gaming the discovery
process; some tremendously long aside about a deposition of
some poor photographer who somehow is getting dragged into all
of this.

None of that belongs in summary judgment.  It is
irrelevant, and it is a waste of my resources to have to plod
through that.  So don't do that again.

The next section is even worse.  You already hit one low,
and you dive even deeper when you start slinging mud at each

1   other, which is completely unacceptable under the standards of

2   professionalism and civility that we demand in this district

3   between all lawyers and all clients and your duties to me as a

4   judicial officer in this case.

5         On the Plaintiff's, side Mr. Liu, you made all of these

6   ridiculous accusations about Defendants are lying, fitting

7   their imagination; they are being wicked.  How does that word

8   even have a place in a federal brief filed in a federal court?

9   I will answer it for you.  It doesn't, ever.

10        **MR. LIU:**  I apologize.

11        **THE COURT:**  "Wicked."  You had a sentence that said

12   "these assertions are insurrection" -- I don't even know what

13   that means -- and malicious -- "insurrection and malicious,"

14   your words.  That's just throwing things against the wall in

15   the hope that something negative sticks.  It doesn't.  A

16   description that Defendants' motion was evil.

17        I'm starting to have doubts about both of your suitability

18   to practice in the United States District Court because we do

19   not use words like that.  No lawyers use words like that

20   because they are meaningless.  They are just negative

21   aspersions about your opponents, which are completely

22   unacceptable.  Completely unacceptable.

23        And on the Defendants' side, some weird comment about

24   watching a legal education channel on YouTube and being

25   untimely; asking to strike things because they are a couple

1  days late.  Accusing the Plaintiffs of conjuring fraud on the

2  Court; fooling the Court, devious tactics.  Another lie;

3  everything is malicious.  You are equally culpable.

4       You both have done a terrible job.  So, the case is

5  stayed.  You tell me whenever -- whatever -- I'm going to

6  administratively close it.

7       You tell me when it happens in Alameda; but if you come

8  back and any of this that I have highlighted this morning is

9  reproduced, you will be sanctioned.  The sanctions will include

10 a referral for a professional conduct committee to evaluate

11 your fitness to practice in this district.  I have doubts.

12      I'm not going to act on those doubts.  I'm going to give

13 you another chance.  If it happens again, you will be referred

14 to that committee.  That committee has the authority to disbar

15 you from this district.

16      That's how grave I think this misbehavior has been.  You

17 have done your clients a terrible disservice, both of you, by

18 acting in this manner.

19      You want to have a sandbox fight, it is your problem.

20 Don't ask the United States District Court to spend its

21 resources on that kind of wasteful activity.  All right.  Thank

22 you.

23           **MR. LIU:**  Thank you, Your Honor.

24           **MR. VONDRAN:**  Thank you, Your Honor.

25                (Proceedings adjourned at 11:27 a.m.)

1

2

3                    **CERTIFICATE OF REPORTER**

4          I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    DATE:    Friday, February 3, 2023

8

9

10

11    _____

12          Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
             United States District Court - Official Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25